UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL VALENTE, et al.,            )
                                    )
     Plaintiffs,                    )
                                    )
v.                                  )   Case No. 2:20-cv-00135
                                    )
DANIEL M. FRENCH, et al.,           )
                                    )
     Defendants.                    )

## MODIFIED STIPULATED JUDGMENT

### A.   The Parties' Final Stipulation.

Plaintiffs, School Defendants, and State Defendants hereby AGREE and STIPULATE:

1.   The Valente, Gallo, and Buckley families ("Plaintiffs") brought this lawsuit alleging that Two Rivers Supervisory Union and Lauren Fierman, in her official capacity as its superintendent; Ludlow Mount Holly Unified Union School District and Paul Orzechowski, in his official capacity as its chair; Greater Rutland County Supervisory Union and Christopher Sell, in his official capacity as its superintendent; Rutland Town School District and Tina Keshava, in her official capacity as its chair; Windsor Southeast Supervisory Union and Christine Bourne, in her official capacity as its superintendent; Hartland School District and Nicole Buck, in her official capacity as its chair (collectively, the "School Defendants"); and Daniel French, the Agency of Education, and the State Board of Education (collectively, the "State Defendants") violated their First and Fourteenth Amendment rights through exclusion from tuition benefits provided under Vermont statute. *See* 16 V.S.A. §§ 821-828.[1]

---

[1] The Final Settlement Agreement includes individuals and entities that are not parties to this case. Pursuant to Fed. R. Civ. P. 25(d), when a public official ceases to hold public office while an action is pending, that officer's successor is automatically substituted as a party. To the extent

2.  The Vermont Supreme Court previously held that "a school district violates Chapter I, Article 3 [of the Vermont Constitution] when it reimburses tuition for a sectarian school under § 822 in the absence of adequate safeguards against the use of such funds for religious worship." *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541-42 (Vt. 1999).

3.  Plaintiffs allege that School Defendants and State Defendants excluded them from tuition benefits because of the "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden*.

4.  The U.S. Supreme Court previously explained that denying public benefits because of religious status or character violates the Free Exercise Clause of the U.S. Constitution's First Amendment. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017); *Espinoza v. Montana Dep't of Revenue*, 140 S. Ct. 2246 (2020).

5.  The U.S. Supreme Court recently held, among other holdings, that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022).

6.  The parties agree that the U.S. Supreme Court's *Carson* decision renders Vermont's "adequate safeguards" requirement unconstitutional.

7.  The parties agree that the U.S. Supreme Court's *Carson* decision prohibits the enforcement of the "adequate safeguards" requirement to deny or restrict payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

## B. The Court's Judgment and Enforcement of the Parties' Final Settlement Agreement and Final Stipulation.

The court hereby enters a Modified Stipulated Judgment pursuant to the parties' Final Settlement Agreement and their Final Stipulation as follows:

---

that the parties seek to treat the Agency of Education as a de facto defendant, they may do so as Defendant French is a party.

2

1.  The School Defendants and State Defendants, their officers, agents, and assigns shall not enforce the "adequate safeguards" requirement to deny or restrict payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

2.  School Defendants shall provide notice to tuition-eligible resident families described in the parties' Final Settlement Agreement informing them of the U.S. Supreme Court's *Carson* decision.

3.  Defendants Ludlow Mount Holly Unified Union School District, Rutland Town School District, and Hartland School District shall reimburse families for tuition paid by them pursuant to the parties' Final Settlement Agreement.

4.  Defendant Ludlow Mount Holly Unified Union School District shall pay the Valente family Plaintiffs their full tuition benefit for the 2022-2023 school year pursuant to the parties' Final Settlement Agreement.

5.  Defendant Hartland School District shall pay the Buckley family Plaintiffs their full tuition benefit for the 2022-23 school year pursuant to the parties' Final Settlement Agreement.

6.  The School Defendants shall process and honor tuition requests and reimbursements pursuant to the parties' Final Settlement Agreement and applicable law.

7.  The State Defendants shall post and take reasonable steps to maintain the September 13th letter, referenced in paragraph 6 of the parties' Final Settlement Agreement, on the website for the Agency of Education for a period of five (5) years from the date of execution of the Final Settlement Agreement.

8.  This Modified Stipulated Judgment and the terms of the parties' Final Settlement Agreement resolve all claims made by Plaintiffs in this action, including Plaintiffs' claims for attorney's fees, expenses, and costs, as well as any other claims Plaintiffs could have brought against School Defendants and State Defendants based on the facts alleged in the First Amended Complaint.

9.  The court reserves jurisdiction to enforce or modify this Modified Stipulated Judgment. In the event that any party fails to comply with this Modified

Stipulated Judgment, any adverse party may file a motion with this court seeking its enforcement.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of February, 2023.

_____
Christina Reiss, District Judge
United States District Court